## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-63** |
| **ANTHONY LEWIS** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Anthony Lewis.[1] For the following reasons, Lewis' motion is **DENIED**.

Also before the Court is Lewis' motion for compassionate release under 18 U.S.C. § 3582.[2] For the following reasons, Lewis' motion is **DENIED**.

### BACKGROUND

On March 12, 2015, Petitioner Anthony Lewis was charged in a three-count indictment.[3] On February 12, 2016, Lewis pleaded guilty, pursuant to a plea agreement, to Count 1—possessing with intent to distribute a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2—and Count 3—illegally possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).[4] The maximum sentence as to Count one was twenty years imprisonment.[5] Count 3 required a mandatory minimum sentence of fifteen years

---

[1] R. Doc. 67. The government filed responses. R. Doc. 70; R. Doc. 79. Lewis filed a reply and a supplemental memorandum. R. Doc. 69. R. Doc. 78.
[2] R. Doc. 69. Although this request was made in a reply brief, the Court construes it as a motion.
[3] R. Doc. 6.
[4] R. Doc. 29.
[5] R. Doc. 29, at 2. The maximum sentence for Count 1 could have been thirty years had the government charged Lewis as a repeat offender. *Id.* at 1; R. Doc. 51, at 2.

imprisonment and allowed a maximum sentence of life imprisonment.[6] The government did not recommend or stipulate to any sentencing range in this plea agreement.

After Lewis entered his guilty plea, DEA Special Agent Chad Scott, the arresting officer and a main witness in Lewis' case, became the subject of a malfeasance investigation. In May 2016, the government disclosed this information to the Court, and the Court provided it to Lewis' counsel subject to a protective order.[7] On February 6, 2017, Lewis withdrew his guilty plea.[8]

On February 17, 2017, Lewis again pleaded guilty, but this time only to Count 1, and he entered into a new plea agreement that included a stipulated sentencing range under Federal Rule of Criminal Procedure 11(c)(1)(C) of up to ten years imprisonment.[9] The statutory maximum sentence for Count 1 was thirty years imprisonment.[10] Lewis also signed a new factual basis with almost all mention of Chad Scott deleted.[11] The new factual basis stated "Agents recovered [from the vehicle in which Lewis was riding a] pouch which contained approximately 22 grams of heroin. The pouch also contained U.S. currency and a digital scale."[12] Further, the amended factual basis stated "Lewis was transported to the Tangipahoa Parish Sheriffs Department. Once at the Sheriffs Department, Lewis was again advised of his *Miranda* rights and executed a signed waiver of those rights. Lewis provided a voluntary taped statement in which he admitted that the heroin belonged to

---

[6] R. Doc. 29, at 2.
[7] R. Doc. 36.
[8] R. Doc. 47.
[9] R. Doc. 51.
[10] *Id.* at 2.
[11] R. Doc. 50.
[12] *Id.* at 1.

him and was packaged for distribution."[13] On May 17, 2017, the Court sentenced Lewis to 108 months imprisonment.[14]

On August 10, 2019, Lewis filed a Motion Under Rule 60(d)(3) alleging fraud on the court due to the Chad Scott investigation.[15] Because this motion attacked the validity of Lewis' conviction, the Court recharacterized it as a § 2255 motion and issued a *Castro* warning that any subsequent § 2255 motion would be a "successive" motion and gave Lewis the opportunity to withdraw his Rule 60(d)(3) motion or amend it to contain all § 2255 claims.[16] On November 5, 2019, Lewis, acting in a pro se capacity, withdrew his Rule 60(d)(3) motion,[17] requested compassionate release under 18 U.S.C. § 3582,[18] and filed the instant motion under 28 U.S.C. § 2255.[19] On March 26, 2020, the Court appointed counsel for Lewis to assist him in filing a supplemental memorandum in support of his § 2255 motion.[20]

## LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside, or correct the sentence.[21] Lewis argues the Court should vacate, set aside, or correct his sentence based on alleged ineffective assistance of counsel.[22] Lewis primarily argues his trial counsel was deficient in failing to fully discuss the allegations concerning Chad Scott when advising Lewis with respect to entering a

---

[13] *Id.* at 2.
[14] R. Doc. 62.
[15] R. Doc. 63.
[16] R. Doc. 66.
[17] R. Doc. 69.
[18] *Id.*
[19] R. Doc. 67.
[20] R. Doc. 73.
[21] 28 U.S.C. § 2255(a).
[22] R. Doc. 79, at 3.

second guilty plea.[23] Lewis also argues his trial counsel falsely assured him he would receive a sixty-month prison sentence.[24] The government argues Lewis' petition should be denied because it is untimely and meritless.[25]

According to 28 U.S.C. § 2255(f), a prisoner must bring a § 2255 motion within one year from the latest of the following: (1) the date the conviction becomes final; (2) the date an unconstitutional or illegal government-created impediment to making the motion is removed; (3) the date the right asserted in a motion was first recognized by the Supreme Court, if that right was newly recognized and made retroactive; or (4) the date facts supporting the claim could have been discovered through due diligence.[26]

Lewis' conviction became final on May 31, 2017, when he failed to notice a direct appeal within the fourteen days following the entry of this Court's judgment on May 17, 2017.[27] Under § 2255(f)(1), Lewis had one year from that date—until May 31, 2018—to file his § 2255 motion. Because he did not file his motion until August 19, 2019, he did not meet this deadline. Accordingly, Lewis' motion is untimely under § 2255(f)(1). Sections 2255(f)(2) and (3) do not apply to Lewis' case because there was no illegal, government-

---

[23] *Id.*

[24] *Id.*

[25] R. Doc. 79. In its initial response to Lewis' § 2255 motion, the government also argued "Lewis's claims, excluding those related to ineffective assistance of counsel, are barred by the collateral review waiver in his plea agreement" and argued "Lewis' *Brady* claim in his § 2255 motion is procedurally barred" because he did not file a direct appeal. R. Doc. 70, at 6, 8. Lewis made clear in his supplemental memorandum "he is not arguing the government withheld information from him, rather that trial counsel did. And this is an issue of ineffective assistance of counsel." R. Doc. 78, at 5. As a result, the government, in its supplemental memorandum, did not reassert its argument that Lewis' claims are barred or procedurally defaulted. R. Doc. 79.

[26] 28 U.S.C. § 2255(f)(1)–(4).

[27] R. Doc. 62. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding a conviction becomes final when a federal prisoner fails to file notice of appeal upon expiration of time in which to file direct appeal); FED. R. APP. P. 4(b)(1)(A)(i) (stating a notice of appeal must be filed within fourteen days after entry of judgment).

created impediment to his motion[28] and his claim is not based on a new right recognized by the Supreme Court.

Acknowledging these facts, Lewis relies on § 2255(f)(4) to argue his petition is timely. Under § 2255(f)(4), a prisoner must bring a § 2255 motion within one year of the "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Diligence must merely be reasonable under the circumstances.[29] A prisoner can show due diligence by prompt action as soon as he is in a position to realize he should act.[30] "In applying § 2255(f)(4), '[t]he important thing is to identify a particular time . . . when diligence is in order.'"[31]

## I.     Lewis' Claim Based on Counsel's False Assurance of a Sixty-Month Sentence Is Untimely.

Lewis did not bring his petition within one year of "the date on which the facts supporting" his claim that his lawyer falsely promised him a sixty-month sentence "could have been discovered through the exercise of due diligence."[32] The absolute latest "date on which the facts supporting" this claim "could have been discovered through the exercise of due diligence" was the date the Court sentenced Lewis to 108, rather than 60, months imprisonment—May 17, 2017.[33] Lewis did not file his petition within one year of this date, and, accordingly, he cannot rely on § 2255(f)(4) to render his petition timely.

---

[28] Lewis raises this issue in some of his initial briefing but does not raise it in his Supplemental Memorandum filed with the assistance of counsel on June 15, 2020. R. Doc. 78. Regardless, his previous arguments concerned an impediment related only to the allegations surrounding Chad Scott, which is decided herein on prejudice grounds, not timeliness. Lewis never presented an argument under § 2255(f)(2) related to his lawyer's alleged false promise, which is the only issue decided on timeliness grounds.

[29] *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017), *as revised* (June 14, 2017).

[30] *Id.* (citing *Johnson v. United States*, 544 U.S. 295, 308 (2005)).

[31] *Id.* (alterations in original) (quoting *Johnson*, 544 U.S. at 308).

[32] 28 U.S.C. § 2255(f)(4).

[33] R. Doc. 62.

As a result, the Court finds Lewis' claim based on his lawyer's alleged false promise of a sixty-month sentence must be denied as untimely.[34]

## II. Lewis' Ineffective Assistance of Counsel Claim Based on the Allegations Surrounding Chad Scott Fail for Lack of Prejudice.

In *Strickland v. Washington*, the Supreme Court established a two-pronged test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.[35] A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[36] If a court finds a petitioner has made an insufficient showing as to either of the two prongs of inquiry, it may dispose of the ineffective assistance claim without addressing the other prong.[37] In this case, the Court disposes of Lewis' claim on the prejudice prong.

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[38] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[39] To establish prejudice in the context of a guilty plea, a petitioner must show that "counsel's constitutionally

---

[34] Even if this claim were timely, it also lacks merit. As Lewis acknowledges, as long as a defendant understands the sentence he might possibly receive, he is fully aware of the consequences of a plea agreement, and the plea agreement is made knowingly. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996); *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982). The "outer limits must be precisely, and not just substantially, known." *Hill v. Estelle*, 653 F.2d 202, 205 (5th Cir. 1981) (citing *United States v. Perwo*, 433 F.2d 1301 (5th Cir. 1970)). In this case, the outer limit of Lewis' sentence could not have been more precise. His plea agreement under Rule 11(C)(1)(c) made very clear "a sentencing range of up to ten (10) years in prison is appropriate in the disposition of this case." R. Doc. 51, at 2.

[35] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[36] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).

[37] *Strickland*, 466 U.S. at 697.

[38] *Id*. at 694.

[39] *Id*.

ineffective performance affected the outcome of the plea process."[40] In other words, a petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[41] An assertion that a petitioner would not have pleaded guilty must be reasonable.[42] "When [a] defendant's decision about going to trial turns on his prospects of success and those are affected by the attorney's error," the "defendant must also show that he would have been better off going to trial."[43]

Lewis argues his counsel provided ineffective assistance by failing to fully inform him of the allegations surrounding Chad Scott during his plea negotiations and argues this prejudiced the outcome of his case because, had he been fully informed, he would not have entered a second guilty plea and would have gone to trial.[44] The Court finds, even if Lewis' petition were timely[45] and his counsel was deficient for the reason Lewis states,[46] Lewis has not shown the alleged ineffective assistance of counsel prejudiced the outcome of his case. In particular, Lewis has not shown he would have been "better off going to trial" had his attorney more fully informed him of the allegations surrounding Chad Scott during his plea negotiations.[47]

The amended factual basis, signed and agreed to by Lewis, provided overwhelming

---

[40] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[41] *Id.*
[42] *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).
[43] *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).
[44] R. Doc. 78, at 6.
[45] The statute of limitations for a § 2255 motion is set forth in 28 U.S.C. § 2255(f), which provides, among other options, a prisoner must bring a § 2255 motion within one year from the date facts supporting the claim could have been discovered through due diligence. Lewis argues this section permits him to file the instant motion because Scott's conviction, not the mere investigation of Scott or his indictment, was the date on which facts supporting Lewis' claim could have been discovered through due diligence. R. Doc. 78, at 3–5. Because the Court finds Lewis' motion is meritless because he did not suffer prejudice, it does not decide whether Lewis' motion was timely under this portion of § 2255(f).
[46] The Court need not decide the factual dispute over whether Lewis' trial counsel fully informed him of Chad Scott's misconduct. The facts related to the prejudice prong are not in dispute.
[47] *Lee*, 137 S. Ct. at 1965.

evidence of Lewis' guilt in the commission of a crime that carried a maximum statutory sentence of thirty years. The amended factual basis states agents, other than Chad Scott, recovered 22 grams of heroin, U.S. currency, and a digital scale from the car Lewis was riding in.[48] Further, the amended factual basis states Lewis was advised of his *Miranda* rights, by agents other than Chad Scott; executed a signed waiver of those rights; and "provided a voluntary taped statement in which he admitted that the heroin belonged to him and was packaged for distribution."[49]

Lewis argues this evidence is irrelevant because it would have been suppressed at trial as "tainted" by Chad Scott's involvement in his case. Regardless of whether or not this is true for the evidence obtained in the car Lewis rode in, there is no question Lewis' Mirandized statement to officers at the Tangipahoa Parish Sheriff's Department would have been admissible and, alone, would have sunk Lewis at trial. Lewis argues the statement he gave at the sheriff's office should be suppressed because it came *after* he gave an allegedly inadmissible statement to Agent Chad Scott at the scene and was accordingly "tainted."[50] "There are two Supreme Court cases setting the constitutional boundaries for such two-stage interrogations. In *Missouri v. Seibert*, a divided Court refused to allow the post-warning confession where a 'two-step interrogation technique was used in a calculated way to undermine the *Miranda* warning.'"[51] In *Oregon v. Elstad*,[52] however,

> [P]olice stopped by the suspect's home to inform his mother that he would be taken into custody for burglary. While one officer spoke to the mother, another officer told the suspect that he felt the suspect had committed the

---

[48] R. Doc. 50, at 1.
[49] *Id.* at 2.
[50] R. Doc. 78, at 9.
[51] *United States v. Nunez-Sanchez*, 478 F.3d 663, 668 (5th Cir. 2007) (citing *Missouri v. Seibert*, 542 U.S. 600 (2004)).
[52] 470 U.S. 298 (1985).

burglary. The suspect responded by admitting that he had been at the scene. Subsequently, the suspect was taken to the station, where *Miranda* warnings were administered and the suspect further confessed to the crime. The Court found that the pre-warning incident "had none of the earmarks of coercion," and likely resulted from confusion over when the suspect had been placed under custodial arrest.[53]

The Fifth Circuit has "interpreted the relationship between *Seibert* and *Elstad* by stating, '*Seibert* requires the suppression of a post-warning statement only where a deliberate two-step strategy is used and no curative measures are taken; where that strategy is not used, '[t]he admissibility of postwarning statements [ ] continue[s] to be governed by the principles of *Elstad*.'"[54]

The facts of this case align with *Elstad*, not *Seibert*. Lewis has pointed to no evidence the officers in this case employed a "two-step interrogation technique . . . calculated . . . to undermine the *Miranda* warning."[55] Accordingly, the Court finds Lewis' taped statement at the sheriff's office in which "he admitted that the heroin belonged to him and was packaged for distribution" would have been admissible and foreclosed his chances of success at trial.[56] As a result, the statement likewise foreclosed his ability to prevail on his instant ineffective assistance of counsel claim. Even if his counsel had more fully informed him of the allegations surrounding Chad Scott, Lewis would not have been "better off at trial" facing certain conviction and a possible thirty-year sentence rather than accepting his stipulated sentence of up to ten years under his plea agreement.

## III.   No Evidentiary Hearing Is Required.

---

[53] *Nunez-Sanchez*, 478 F.3d at 668.
[54] *Id.* (citing *United States v. Courtney*, 463 F.3d 333, 338 (5th Cir. 2006)).
[55] *Id.*
[56] R. Doc. 50, at 2.

28 U.S.C. § 2255(b) provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In this case, the Court finds the "motion and the files and records of the case conclusively show" Lewis is entitled to no relief. First, Lewis' claim that his trial counsel falsely promised him a sixty-month sentence is conclusively untimely. Second, even if, as Lewis argues, his trial counsel did not adequately explain the misconduct of Chad Scott, that deficiency did not prejudice the outcome of Lewis' case. Accordingly, an evidentiary hearing is not warranted.

## IV.    Lewis' Request for Compassionate Release is Denied Without Prejudice.

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling circumstances only if the exhaustion requirement of § 3582(c)(1)(A) is met.[57] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," the exhaustion requirement of § 3582(c)(1)(A) is satisfied, and the Court may consider a motion for compassionate release filed by the defendant.[58] Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[59] Lewis has not alleged or made any showing he has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A). Accordingly, Lewis' request for compassionate release under § 3582(c)(1)(A) is denied.

---

[57] 18 U.S.C. § 3582(c)(1)(A).
[58] *Id.*
[59] *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

## <u>CONCLUSION</u>

For the forgoing reasons, Petitioner Anthony Lewis' motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.[60]

Further, Lewis' request for compassionate release under § 3582(c)(1)(A) is **DENIED** without prejudice.[61]

**New Orleans, Louisiana, this 16th day of July, 2020.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[60] R. Doc. 67.
[61] R. Doc. 69.